IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
RAE DAVIS,                          )
                                    )   No.  08-676-HU
          Plaintiff,                )
                                    )
     v.                             )
                                    )   FINDINGS AND
                                    )   RECOMMENDATION
PACIFIC SAW AND KNIFE CO.,          )
dba PACIFIC HOE/SAW AND             )
KNIFE CO., an Oregon                )
corporation,                        )
                                    )
          Defendant.                )
_____)
```

Anthony E. McNamer
McNamer and Co.
519 S.W. Third Avenue, Suite 601
Portland, Oregon 97204
    Attorney for plaintiff

Craig A. Crispin
Crispin Employment Lawyers
9600 S.W. Oak Street, Suite 500
Portland, Oregon 97223
    Attorney for defendant

HUBEL, Magistrate Judge:

    Plaintiff Rae Davis brings this action against Pacific Saw and Knife Company (Pacific Saw), her employer, asserting claims for violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

FINDINGS AND RECOMMENDATION Page 1

(FMLA), the Oregon Family Leave Act, Or. Rev. Stat. § 659A.150 *et seq.* (OFLA), breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and reckless infliction of emotional distress.

Pacific Saw moves under Rule 12(b)(6) of the Federal Rules of Civil to dismiss Davis's claims for breach of the implied covenant of good faith and fair dealing; intentional infliction of emotional distress; and reckless infliction of emotional distress, the third, fourth and fifth claims for relief.

## Factual Background

Ms. Davis began working for Pacific Saw in February 1981. She left in May 1990 and returned in April 1991. She has been employed by Pacific Saw since April 1991.

Ms. Davis alleges that during 2007-2008 she had three surgeries for three health conditions: a colonoscopy to remove pre-cancerous polyps in October 2007; a hysterectomy in January 2008 after internal bleeding; and a diagnosis of skin cancer in August 2008, with surgery to remove the cancer. Complaint ¶ 6.

Ms. Davis alleges that although her doctors gave her significant medical leaves, she did not take off all the time recommended, and used vacation days, instead of sick days or family leave days, in order attend pre- and post-operative medical appointments. Id. at ¶ 7. She alleges that over the year she took only 15 sick days and an additional 11 days after the hysterectomy, which Pacific Saw counted as "leave." Id.

///

FINDINGS AND RECOMMENDATION Page 2

Ms. Davis alleges that despite receiving good performance reviews, she was demoted on April 8, 2008 from her salaried position with benefits that included unlimited paid sick days, to an hourly position with only six sick days which did not accrue until April 29, 2008. Id. at ¶ 10, 11. She asserts that the cut in paid sick leave have forced her to cancel necessary medical procedures, and that loss of paid sick leave has caused her to suffer severe emotional distress.

**Standard**

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.C. 1955, 1964-65 (2007).

**Discussion**

**A.   Claim for breach of the covenant of good faith and fair dealing**

So long as it is not inconsistent with the express terms of a contract, see, e.g., Eggiman v. Mid-Century Ins. Co., 134 Or. App. 381, 386 (1995), the duty of good faith and fair dealing is a contractual term that is implied by law into every contract. Best v. United States Nat'l Bank of Oregon, 303 Or. 557, 561 (1987);

FINDINGS AND RECOMMENDATION Page 3

Esso Petroleum Canada v. Security Pacific Bank, 710 F. Supp. 275, 282 (D. Or. 1989). The contractual good faith doctrine is designed to "effectuate the reasonable contractual expectations of the parties." Best at 561.

Ms. Davis alleges that the duties and obligations between herself and Pacific Saw were "at all times governed by the terms and conditions set forth in the Pacific Employee Manual," and that the terms and conditions in the employee manual "represent a unilateral contract ... the provisions of which were accepted by Davis as the terms and conditions of employment with Pacific." Complaint ¶¶ 35, 36. Ms. Davis has not attached a copy of the employee manual to the complaint. Nor has she alleged the contractual terms she relies on in the complaint.

A contract of employment requires the existence of a mutual intent on the part of the parties to be bound by its terms. Burnett v. Ross Stores, 857 F. Supp. 1434, 1440 (D. Or. 1994). The "introduction" to the manual is attached to the Declaration of Mona Becker, Pacific Saw's Human Resources Manager.[1] Becker Declaration,

---

[1] Ms. Davis objects to Pacific Saw's proffer of the Declaration of Mona Becker without notice to her of its intent to file a motion for summary judgment. In general, material outside the pleadings cannot be considered in ruling on a motion to dismiss under Rule 12(b)(6), unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56" Jacobson v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir. 1995). A document is not "outside" the complaint, and may be considered on a motion to dismiss, if the complaint specifically refers to the document, its authenticity is not questioned, and the plaintiff's complaint necessarily relies on the document. Lee v. County of Los Angeles, 240 F.3d 754, 774 (9th Cir. 2001). When the plaintiff fails to introduce a

FINDINGS AND RECOMMENDATION Page 4

Exhibit A. The introduction states:

> This handbook is not intended as a formal or exhaustive statement of employee rights and responsibilities; nor is it a contract of employment. It is a summary of the company's current policies, rules, procedures and benefits. ... [T]he company reserves the right to amend, modify and/or eliminate any of these policies, rules procedures and benefits at any time.

This language in the employee handbook is an express disclaimer by Pacific Saw to be bound by its terms, Burnett at 440, and defeats Ms. Davis's claim that the employment manual created enforceable contract rights. See also Curtis v. City of Redmond, 2006 WL 3469574 (D. Or. 2006), citing Lawson v. Umatilla County, 139 F.3d 690, 693 (9th Cir. 1998) and Mobley v. Manheim Services Corp., 123 Or. App. 89, 94-95 (1995).

In the absence of a contract between herself and Pacific Saw, Ms. Davis cannot assert a claim for breach of the covenant of good faith and fair dealing. Further, even if there were a contract, Ms. Davis has not alleged the terms allegedly breached. Without any allegation of the terms of the contract, Ms. Davis cannot state a claim for breach of the covenant of good faith and fair dealing, because such a claim cannot contradict the express terms of the contract. Eggiman, 134 Or. App. at 386. I recommend that the claim

---

pertinent document as part of her pleading, the defendant may introduce the exhibit as part of its motion attacking the pleading. See, e.g., Cooper v. Pickett, 137 F.3d 616 (9th Cir. 1998)(documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a motion to dismiss).I have therefore considered the introductory page of the employee manual attached to the Becker Declaration, but have considered the Becker Declaration itself only insofar as it authenticates the page of the employee manual.

FINDINGS AND RECOMMENDATION Page 5

for breach of the covenant of good faith and fair dealing be dismissed.

### B. Claim for intentional infliction of emotional distress

The elements of intentional infliction of emotional distress are 1) that the defendant intended to inflict severe emotional distress on the plaintiff; 2) that the defendant's acts caused the plaintiff severe emotional distress; and 3) that the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct or exceeded any reasonable limit of social toleration. McGanty v. Staudenraus, 321 Or. 532, 543 (1995); Sheets v. Knight, 308 Or. 220, 236 (1989). Oregon cases which have allowed claims for intentional infliction of emotional distress to proceed typically involve acts of psychological and physical intimidation, racism, or sexual harassment. Robinson v. U.S. Bancorp, 2000 WL 435468 (D. Or. April 20, 2000), quoting Garrison v. Alaska Airlines, Inc., Civil No. 98-433-KI, Opinion by Judge King dated June 17, 1999, p. 8.

Whether a complaint sufficiently alleges conduct that constitutes an extraordinary transgression of the bounds of socially tolerable conduct is a question of law for the court. Babick v. Oregon Arena Corp., 160 Or. App. 140, 150 (1999).

Oregon appellate courts have been "very hesitant to impose liability for IIED claims in employment settings, even in the face of serious employer misconduct." Robinson at *8. In this case, Ms. Davis has alleged only that she was "demoted" from a salaried position with unlimited sick leave to an hourly position with

FINDINGS AND RECOMMENDATION Page 6

1 limited sick days. Based on the existing case law, this allegation
2 does not describe conduct by Pacific that is outrageous or beyond
3 the bounds of socially tolerable conduct. I recommend that the
4 motion to dismiss the intentional infliction of emotional distress
5 claim be granted.

**C.   Claim for reckless infliction of emotional distress**

There is no cognizable claim under Oregon law for reckless infliction of emotional distress. <u>Snead v. Metropolitan Property and Cas. Co.</u>, 909 F. Supp. 775, 779 (D. Or. 1996). In addition, Ms. Davis has not pleaded facts sufficient to constitute an extraordinary transgression of the bounds of socially tolerable conduct.

I recommend that the motion to dismiss the reckless infliction of emotional distress claim be granted.

**Conclusion**

I recommend that defendant's motion to dismiss the third, fourth and fifth claims for relief (doc. # 5) be GRANTED.

**Scheduling Order**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due September 11, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due

///
///
///

FINDINGS AND RECOMMENDATION Page 7

September 25, 2008, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 27th day of <u>August</u>, 2008.

                                          <u>/s/ Dennis James Hubel</u>
                                          Dennis James Hubel
                                          United States Magistrate Judge

FINDINGS AND RECOMMENDATION Page 8